United States District Court
Southern District of Texas

**ENTERED**

June 10, 2016

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAMUEL ROY JACKSON, | § | |
| TDCJ #1268721, | § | |
| | § | |
| Petitioner, | § | |
| | § | CIVIL ACTION NO. H-16-1580 |
| v. | § | |
| | § | |
| STATE OF TEXAS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

The petitioner, Samuel Roy Jackson (TDCJ #1268721), has filed a "Motion for Relief from Final Judgment Pursuant to Federal Rule 60(b)(4) Void Judgment and Void Court Order Rendered Under Aggravated Robbery Cause No.: 913043" ("Motion for Relief") (Docket Entry No. 1). Rule 60(b) of the Federal Rules of Civil Procedure does not apply to judgments entered by a state court. To the extent that Jackson seeks relief from a state court judgment of conviction, his Motion for Relief is construed as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 by a person in state custody ("Petition"). See Notice of Case Filing, Docket Entry No. 2. After considering the pleadings and the applicable law, the court will dismiss this action for the reasons explained below.

## I. Background

Jackson is currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") as

the result of a conviction in Harris County cause number 913043. A jury in the 183rd District Court for Harris County, Texas, convicted Jackson of aggravated robbery, and he was sentenced to 35 years in prison.   See Jackson v. State, No. 01-04-01137-CR, 2005 WL 3072018 (Tex. App. — Hous. [1st Dist.] Nov. 17, 2005, pet. withdrawn).   The conviction was affirmed on direct appeal in an unpublished opinion.   See id.

On April 21, 2016, Jackson executed the pending Petition, arguing that he is entitled to relief from his conviction in cause number 913043.[1] Jackson alleges that the indictment against him in cause number 913043 was "defective" and insufficient to vest the trial court with subject matter jurisdiction.[2] Arguing that the trial court's judgment of conviction is "void," Jackson contends that he is entitled to immediate release from custody.[3]

Court records confirm that Jackson has filed a previous federal habeas corpus petition challenging the same conviction in cause number 913043.   The district court dismissed that petition with prejudice as barred by the governing statute of limitations. See Jackson v. Quarterman, Civil No. H-08-443 (S.D. Tex. June 1, 2009).   Jackson's appeal from that decision was dismissed for lack of jurisdiction after he failed to file a timely notice of appeal.

---

[1]Petition, Docket Entry No. 1, p. 19.

[2]Id. at 2.

[3]Id. at 19.

-2-

See <u>Jackson v. Thaler</u>, 395 F. App'x 142, 2010 WL 3680903 (5th Cir. Sept. 15, 2010).

Jackson has filed two other federal habeas corpus actions to challenge his conviction in cause number 913043.  Those actions were dismissed as successive applications that were filed without obtaining prior authorization from the Court of Appeals for the Fifth Circuit as required by 28 U.S.C. § 2244(b)(3)(A).  <u>See</u> <u>Jackson v. Thaler</u>, Civil No. H-11-3504 (S.D. Tex. Sept. 28, 2011); <u>Jackson v. Thaler</u>, Civil No. H-14-750 (S.D. Tex. March 31, 2014). Jackson did not pursue an appeal in those cases.

## II.  <u>Discussion</u>

This case is governed by the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2244(b)(3), which imposes restrictions on the filing of "second or successive" applications for habeas relief.  Before a second or successive application permitted by this section may be filed in the district court the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application.  <u>See</u> 28 U.S.C. § 2244(b)(3)(A).  To the extent that the pending Petition qualifies as a successive writ, the court has no jurisdiction to consider it absent prior authorization from the Court of Appeals.

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows

an earlier federal petition." <u>In re Cain</u>, 137 F.3d 234, 235 (5th Cir. 1998).  A subsequent application is "second or successive" when it (1) "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition" or (2) "otherwise constitutes an abuse of the writ." <u>Id.</u>; <u>see</u> <u>also</u> <u>United States v. Orozco-Ramirez</u>, 211 F.3d 862, 867 (5th Cir. 2000).  Jackson's claim that the trial court's judgment of conviction was void for lack of jurisdiction has been raised and rejected previously.[4]  Thus, the pending Petition meets the second-or-successive criteria.[5]

The issue of whether a habeas corpus petition is successive may be raised by the district court <u>sua</u> <u>sponte</u>.  <u>See</u> <u>Rodriguez v. Johnson</u>, 104 F.3d 694, 697 (5th Cir. 1997).  Because the pending Petition is successive, Jackson is required to seek authorization from the Court of Appeals before this court can consider his application.  <u>See</u> 28 U.S.C. § 2244(b)(3)(A).  "Indeed, the purpose

---

[4]<u>See</u> Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1 in Civil No. H-08-443, p. 7.  <u>See</u> <u>also</u> "Pro Se Litigant's Independant Action to Set Aside Judgement Pursuant to Cause #913043 Federal Rule 60(b) Subdivision Procedure Remedy Provision Note," Docket Entry No. 72 in Civil No. H-08-443.

[5]Because this is the fourth federal habeas action filed by Jackson to challenge his conviction in cause number 913043, the pending Petition also qualifies as an abuse of the writ.  <u>See</u>, <u>e.g.</u>, <u>Sanders v. United States</u>, 83 S. Ct. 1068, 1078 (1963) ("Nothing in the traditions of habeas corpus requires the federal courts to tolerate needless piecemeal litigation [or] to entertain collateral proceedings whose only purpose is to vex, harass, or delay.").

-4-

of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000) (citing In re Cain, 137 F.3d at 235). Jackson has not presented the requisite authorization. Absent such authorization this court lacks jurisdiction over the Petition. Id. at 775. Accordingly, to the extent that Jackson seeks relief from his conviction in Harris County cause number 913043 the Petition will be dismissed as an unauthorized successive writ.

## III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases now requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Under the controlling standard this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree

-5-

that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" <u>Miller-El</u>, 123 S. Ct. at 1039. Where denial of relief is based on procedural grounds the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, <u>sua</u> <u>sponte</u>, without requiring further briefing or argument. <u>See</u> <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the Petition in this case qualifies as a second or successive application. Therefore, a certificate of appealability will not issue.

## IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1.  The Motion for Relief from Final Judgment Pursuant to Federal Rule 60(b)(4) Void Judgment and Void Court Order Rendered Under Aggravated Robbery Cause No.: 913043 filed by Samuel Roy Jackson (Docket Entry No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction as an unauthorized successive application.

-6-

2.    A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this the 9th day of June, 2016.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE